Plaintiff/appellant, the state of Ohio, has appealed a decision of the Fayette County Court of Common Pleas to grant defendant/appellee, Michael Baker, a new trial based upon alleged juror misconduct. We reverse.
On August 4, 1997, appellee was indicted on one count of aggravated trafficking in drugs in violation of R.C. 2925.03, a felony of the second degree, and one count of corrupting another with drugs in violation of R.C. 2925.02, a felony of the first degree. On August 27, 1998, appellee filed discovery requests and a request for a bill of particulars. Appellee requested any information favorable to him and, inter alia, copies of any written or recorded statements of witnesses.
In the bill of particulars concerning the trafficking charge, the state indicated that on July 12, 1994, at the "residence of Michelle Cordell and [appellee] in Jeffersonville, Ohio, at approximately 9:33 p.m., an undercover officer made the deal to purchase crack cocaine of approximately a quarter ounce; with this amount being handed over to the officer." On the corrupting another with drugs charge, the bill of particulars provided that "after the purchase * * *, the codefendant Michelle Cordell questioned the undercover officer regarding his identity. The undercover officer was ask [sic] to 'get high' and he declined saying he only sold the stuff. The defendant told the officer that he would get 'high' or he would not leave the apartment. The officer made several attempts to convince them he had 'smoked' it, however the defendant continued to insist and made the officer 'smoke the cocaine again.' "
On May 7, 1998, appellee appeared for trial on both charges. At that time, Count One of the indictment, the trafficking in drugs charge, was dismissed. It appears that at on that date the prosecution for the first time provided appellee with the undercover officer's report which indicated that appellee was not present at the time of the initial drug purchase.[1] The jury returned a guilty verdict on the sole remaining count of the indictment, corrupting another with drugs, on May 8, 1998.
On May 22, 1998, appellee filed a motion for new trial. The motion cited prosecutorial misconduct because the undercover agent's report had not been timely provided as it contained relevant and exculpatory evidence. Appellee also argued that the prosecutor's opening statement was prejudicial because she indicated to the jury that the undercover officer knew appellee because he had made "previous transactions of crack cocaine." Appellee argued that no evidence had been offered to show that the substance smoked was crack cocaine or any other "controlled substance." Appellee also alleged juror misconduct and indicated that an affidavit would be provided.
On June 22, 1998, appellee submitted an affidavit from a juror. The juror stated that other jurors had commented that appellee's siblings sold drugs and consequently, all Bakers, including appellee, must sell drugs. The juror also stated in her affidavit that although she initially voted not guilty, other jurors pressured her to change her vote because they wanted to leave. She stated that she wrote on "either the ballot and/or on the verdict form" that she was voting guilty "under protest" because of the pressure from fellow jurors and she did not believe the state had proven appellee guilty beyond a reasonable doubt.
On June 17, 1998, the trial court granted appellee's motion for a new trial. The court's journal entry noted that the juror stated that she was pressured to vote guilty and did so even though she felt [appellee] was not guilty. The entry continued:
 Ohio Criminal Rule 33 provides that the court may order a new trial when there is irregularity in the proceedings or misconduct of the jury. It appears that one of the jurors signed a verdict form which did not correspond with her decision. Under these circumstances, the court finds that the defendant is entitled to a new trial.
The state filed a motion for leave of this court to appeal the trial court's ruling on June 23, 1998 which we granted on August 7, 1998.[2]
Appellant raises one assignment of error:
 THE TRIAL COURT ABUSED ITS DISCRETION AND, THEREFORE, ERRED BECAUSE THERE WAS NO BASIS FOR THE GRANTING OF DEFENDANT-APPELLEE'S MOTION FOR NEW TRIAL.
Appellant argues that although a new trial may be granted based on misconduct of the jury, a jury verdict may not be impeached by the testimony of a juror unless a foundation of independent (nonjuror or aliunde) evidence is first established. We agree and therefore reverse.
In State v. Schiebel (1990), 55 Ohio St.3d 71, 76, the Ohio Supreme Court noted that for over a century Ohio law has provided that "one juror's affidavit alleging misconduct of another juror may not be considered without evidence aliunde
being introduced first." See, also, State v. Adams (1943),141 Ohio St. 423, 427. The aliunde rule is codified in Evid.R. 606(B) which provides:
 Upon an inquiry into the validity of a verdict or indictment, a juror may not testify as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon his or any other juror's mind or emotions as influencing him to assent or dissent from the verdict or indictment or concerning his mental processes in connection therewith. A juror may testify on the question whether extraneous prejudicial information was improperly brought to the jury's attention or whether any outside influence was improperly brought to bear on any juror, only after some outside evidence of that act or event has been presented. * * * His affidavit or evidence of any statement by him concerning a matter about which he would be precluded from testifying will not be received for these purposes. (Emphasis added.)
As the First District Court of Appeals has noted, this rule recognizes "our state's choice to protect the finality of verdicts and to ensure that jurors are insulated from harassment by defeated parties." State v. Doan (Sept. 29, 1995), Hamilton App. No. C-940330, unreported. The rule requires that in order to render a juror's testimony competent for the purpose of impeaching his or her own verdict, a foundation must first be established from other sources tending to establish at least prima facie evidence that extraneous prejudicial information was considered by the jury or that external influence was brought to bear on the jury. That foundation must consist of information from sources other than the jurors themselves. State v. Scheibel (1990), 55 Ohio St.3d 71,75.
Here, there was absolutely no foundation laid for the introduction of the juror's affidavit impeaching her own verdict.[3] The juror's testimony was incompetent and her affidavit could not be received by the court. See, also, Statev. Kretzer (Apr. 14, 1992), Montgomery App. No. 12910, unreported (juror cannot impeach verdict by way of affidavit).
The federal cases cited by appellant are inapplicable, as Fed.R.Evid. 606(b) does not contain the "requirement of 'some outside evidence' known as the aliunde rule." State v. Rudge
(1993), 89 Ohio App.3d 429, 431. We also note that it is permissible to inquire into the partiality of jurors as long as the inquiry does not "threaten or reveal discussions occurring during the jury's deliberation." Id. at 437. In Rudge, for instance, an alternate juror overheard another juror make a 'hang him now' comment prior to opening statements in the case.Id. at 431. A mistrial was properly granted because the alternate juror was not present during deliberations and did not participate in rendering the verdict. His testimony therefore satisfied the aliunde rule. Id. at 439. The court further noted that the evidence itself did not concern the jury's deliberations. This is not the case here. The only evidence came from a juror and it dealt only with the jury's deliberations and her reactions to statements made during those deliberations. The aliunde rule was applicable and was clearly not satisfied.
Appellee argues that there were other grounds for his mistrial motion, including the prosecution's failure to divulge the exculpatory material in the undercover officer's report. However, the trial court's journal entry refers only to juror misconduct. No other ground for granting the motion is mentioned and it is axiomatic that a court speaks only through its journal. State v. Coyle (Oct. 13, 1997), Clermont App. No. 97-02-014, unreported. Because the juror was incompetent to impeach her verdict, no competent evidence was presented to support the trial court's decision to grant the motion for new trial. The decision was therefore an abuse of discretion and is accordingly reversed. The assignment of error is well-taken.
Judgment reversed.
WALSH and VALEN, JJ., concur.
[1] The report did indicate that appellee was instrumental in forcing the undercover officer to smoke cocaine.
[2] The state was granted leave to appeal pursuant to R.C.2945.67. See, also, State v. Rudge (1993), 89 Ohio App.3d 429,431 (new trial order is final and appealable in the interest of the administration of justice).
[3] We note that the verdict form in the record contains no indication that the juror signed "under protest."